UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

LAVILA MARC,

Plaintiff,

v.                              CASE No.: (TO BE ASSIGN BY CLERK)

8:23 cv 890-CEH-TGW

JUDGE WILLIAM F. JUNG

Respondent.

_____/

EMERGENCY ACTION FOR DECLARATORY AND SPEEDY INJUNCTIVE RELIEF AND EQUITABLE RELIEF

TO REDRESS THE DEPRIVATION OF RIGHTS SECURED BY THE FOURTH, AND FOURTEENTH AMENDMENT

TO THE UNITED STATES CONSTITUTION, AND TO PREVENT FURTHUR DEPRIVATION IN THE FUTURE

WITH ATTACHED MOTION FOR JUDICIAL NOTICE

---

## JURISDICTION AND VENUE

This action brought pursuant to 42 U.S.C. 1983, 1988 and the Fourth and Fourteenth Amendment to the United States Constitution. Because of the nature of this case, this Court has subject matter jurisdiction and the the action is under 28 U.S.C. 1331, 1343.

VENUE is proper in this jurisdiction because the party is in this district and the event and occurrences giving rise to the claim occurred within this judicial district.

## JURY DEMAND

Plaintiff demands trial by jury pursuant to Fed.R.Civ.P. 38(b), on all issues triable by jury.

JUDGE'S IMMUNITY

The United States Supreme Court's authority states: There is clearly establish violation of Constitutional rights, as opposed to qualified immunity. "Ashcroft v. Iqbal, at 672, 129 S. Ct. 1937, 173 L. Ed. 2d 868." (Quoting "Harlow v. Fitzgerald, 457, U.S. 800, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)").

PARTIES

1- Plaintiff Lavila Marc (Pro Se), a citizen of Bradenton Florida, bring this action against judge William F. Jung who is (directly or indirectly) responsible for the illegal seizure of Mr. Pierre Cine Marc (Plaintiff's brother), and continuing to falsely imprisoned Mr. Marc without his consent. And to also violate Mr. Marc's right to Due Process and Equal Protection under the law, a crime against the United States Constitution (Fourth and Fourteenth Amendment).

2- Defendant William F. Jung, a district judge in the Middle District of Florida. At all time residing in the Middle District of Florida, organized and existing pursuant to the laws of the United States. In doing the things alleged in this complaint, the defendant acted (and acting) under color of law.

COUNT I

3- Defendant judge William F. Jung, continues to keep Mr. Pierre Cine Marc falsely imprisoned aware that the court lack subject matter jurisdiction to preside over the matter. When Mr. Marc brought up the issue to Defendant, through a motion to dismiss due to lack of Subject Matter Jurisdiction (See motion at USA v. Marc, case No. 8:21-cr-00071-WFJ-AAS-1, Doc. 187), judge Jung denied the motion articulating that "indictment sets jurisdiction," however citing no law from Congress, from the Constitution, nor legal precedents (Order Doc. 188). Thus an Order which was dead wrong, as indictments DOES NOT set subject matter jurisdiction. According to Congress, federal court derive their subject matter jurisdiction mostly from territorial and state cession. When Mr. Marc sought to correct the erroneous order (thru a motion to correct which is govern by Fed.R.Civ.P. 59 e)), judge Jung simply denied the motion without correcting nor reiterating the prior reason (denying on his own power without reason. Thus the order remained base on misinformation. Pursuant to the Supreme Court of the United States, it is a Due Process violation to issue judgment/order based on misinformation. "Townsend v. Burke 334 U.S. 736, 741, 68 S. Ct. 1252, 92 L. Ed. 1690 (1948). A Motion to dismiss challenging the Court's jurisdiction is govern by Fed.R.Civ.P. 12(b)(1). Under Rule 12(b)(1), "Court must address" merits of jurisdictional claim by resolving factual disputes between parties. "Court must

address" jurisdictional question before reaching merits. Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc., 87 F. 3d 44, 29 U.C.C. Rep. Serv. 2d (CBC) 1162 (2d Cir. 1996). Hence, when judge Jung did not address and settled the merits of Mr. Marc motion to deny due to lack of subject matter jurisdiction, judge Jung is violating Mr. Marc's civil right to due process. Judge Jung is charged with one (1) count of Due Process Violation.

## COUNT II

4- Plaintiff reiterates the content of count one herein verbatim, and further states: When judge William F. Jung issued the erroneous order in the related case (US v. Marc, Case No. 8:21-cr-00071-WFJ-AAS-1, Doc. 188), and Mr. Marc brought up the error to Judge Jung, and judge Jung did not correct or reiterate that the order was right and that "in deed indictment does set subject matter jurisdiction for Federal Court." Hence, the order remained based on misinformation, therefore judge Jung denied Mr. Marc the right to defend, correct, settle, otherwise litigate the issue of subject matter jurisdiction. Judge Jung is denying Mr. Marc's right to Due Process. Judge William F. Jung is charged with one (1) of Due Process Violation.

## COUNT III

5- Plaintiff reiterates the content of count one & two above, herein verbatim. And further states: Mr. Pierre C. Marc is falsely imprisoned. This Court is without jurisdiction to continue to keep Mr. Marc falsely imprisoned. The Federal Grand Jury never issue a Certificate of Concurrence of a True Bill Indictment against Mr. Pierre C. Marc. There is no Certificate of Concurrence from a Grand Jury filed in open court (on judge Jung's docket). Mr. Marc made multiple attempts for the Government to provide the Certificate of Concurrence, or the Grand Jury proceeding's Transcript (Colloquy Precedes), to prove a Certificate of Concurrence was in fact issued, but no such document could be provided. It doesn't exist. (See one of the many request for the Grand Jury's certificate of concurrence using @ UPS certified Tracking # 1Z1A090A0322936402, delivered on April 06, 2023, signed by service clerk Stephens. Also see USPS Certified Mail 9589 0701 5270 0018 0301). Judge Jung, continues to keep Mr. Marc falsely imprisoned while turning a blind eye to the fact that Mr. Marc was illegally seized from the public street without jurisdiction, without probable cause, without the Grand Jury ever issuing a certificate of concurrence, as required by the United States' Constitution.

"To be liable for false imprisonment, an individual must be shown, inter alia, to have confined a person, either directly or indirectly. See Walker v. Femino, 311 F. Supp. 3d 441, 455 (D. Mass 2018); See also Noel v. Town of Plymouth, 895 F. Supp. 346, 354 (D. Mass. 1995). The Fourth Amendment unreasonable-seizure claim is analogous to common-law torts of false arrest and false imprisonment,

which protect against "[e]very confinement of the person," including one affected by "forcibly detaining [someone] in the public street." Wallace 549 U.S., at 388-389, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (internal quotation marks omitted); see also Dobbs, Law of Torts 41 (describing elements of false imprisonment and false arrest); Restatement (Second) of Torts 35 (1964). Judge William F. Jung is charged with one (1) count of false imprisonment.

## COUNT IV

6- Plaintiff reiterate the content of Count one thru three, herein verbatim. And further states: Judge William F. Jung commits "willful blindness" as he is fully apprised of Mr. Marc's false imprisonment. 1) Mr. Pierre C. Marc filed many motions claiming the court lack subject matter jurisdiction. 2) Mr. P. Marc provided the Certified mail requesting the government provide proof that a Grand Jury did in fact certified a True Bill Indictment against Mr. Marc. To which judge Jung either issued orders based on misinformation (related case Doc. 188), or simply disregarded and denied without an explanation (related case Doc. 191), all to willfully blind himself from the facts surrounding Mr. Marc's false imprisonment.
"To prove willful blindness, a plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's action were the result of the reckless disregard or willful blindness." Innovation Serv., Inc. v. Microsoft Corp., 413 F. 3d 257, 263 (2d Cir. 2005)). As a result of judge Jung's willful blindness, Mr. Marc continues to be falsely imprisoned. Judge William F. Jung is charged with one (1) count of "Willful Blindness."

## MOTION FOR COURT TO TAKE JUDICIAL NOTICE

7- Motion for court to take judicial notice of the fact that no "CERTIFICATE OF CONCURENCE" from a Federal Grand Jury to issue a True Bill Indictment against Mr. Pierre C. Marc, was never filed in open Court pursuant to Fed.R.Crim.P., the Federal Court's docket is a source whose accuracy cannot reasonably be questioned (Fed.R.Evid. 201(b)(2)). Fed.R.Evid. 201(d) "A court may take judicial notice at any stage of the proceeding." The court must take judicial notice if a party request it and the Court is supplied with the necessary information." This court will take judicial notice pursuant to Fed.R.Evid. 201(c)(2).

8- As a direct proximate result or the action of Defendant, Mr. Pierre C. Marc has suffered damages, including but not limited to:

a) Mr. Marc is made to remain falsely imprisoned.

b) Mr. Marc has suffered and continue to suffer pain, suffering, intentional emotional distress, and great, immediate irreparable harm.

9- Defendant's intentional and willful refusal to address the fact that Mr. Marc was un-reasonably seized without probable cause, his refusal to acknowledge and to not turn a blind eye to the fact that the Federal Grand Jury never issued a "Certificate of Concurrence," that this Court is without proper subject matter jurisdiction, that the Government is unable to provide the evidence requested, and not have issued an order of immediate release of Mr. Marc's false imprisonment, Defendant will greatly damage Mr. Marc in the future if permitted to continue. The purpose of a Grand Jury Transcript (Colloquy Precedes) is to specifically address issues of false imprisonment. To prevent the Government from illegally seize citizen and falsely imprisoned them.

10- Unless and until Defendant is restraint, prevented, and enjoined from continuing to falsely imprisoned Mr. Pierre C. Marc, Mr. Marc will continue to be greatly, immediately and irreparably harmed by Defendant's intentional and willful wrongdoing.

11- Plaintiff has no adequate remedy at law for Defendant's refusal to address and settle the merits of the subject matter jurisdictional claim, to free Mr. Marc from false imprisonment, and judge Jung's willful blindness of the matter. An action against the United States' Constitution.

PRAYER

---

Plaintiff request judgment against Defendant.

A. For an order for Declaratory and Preliminary and Permanent Injunctive relief, to enjoin Defendant from(judge William F. Jung) violating Mr. Marc's right to Due Process, thus settle the jurisdictional claim base on law, and to stop turning the blind eye from Mr. Marc false imprisonment. Pursuant to the Fourteenth Amendment to the U.S. Constitution.

B. An order to enjoin Defendant from falsely imprisoned Mr. Marc without his consent, pursuant to Fourth Amendment un-reasonable seizure, and Fourteenth Amendment (equal protection under the law, due process) to the United States Constitution.

Respectfully submitted,

04/21/2023
DATE

*Lavila Marc*
LAVILA MARC
4515 26th st W Apt 603
Bradenton, FL 34207